FILED
2008 Jan-07  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TONIA GARRETT o/b/o Z.J.G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:06-CV-4626-LSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

I.    Introduction.

Plaintiff, Tonia Garrett, on behalf of her minor child, Z.J.G., appeals the decision of the Administrative Law Judge ("ALJ") denying her application for Child's Supplemental Security Income ("SSI").  Ms. Garrett has timely pursued and exhausted her administrative remedies and the decision of the ALJ is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Z.J.G. was eight years old at the time of the ALJ's decision and she was enrolled in the third grade.  (Doc. 7 at 2.)  Ms. Garrett believes that her

daughter became disabled on May 24, 2004, due to allergies, asthma, stomach problems, depression, and headaches.  (Tr. at 13.)

In 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act which amended the statutory standard for determining child SSI.  *See* P.L. No. 104-193, 110 Stat. 2105.  The revised standard states that:

> [a]n individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(1).  On September 11, 2000, the SSA published the final rules implementing this Act.  *See* 65 Fed. Reg. 5471.  These rules became effective on January 2, 2001.  *See id.*

When evaluating the disability of a child, the regulations prescribe a three-step sequential evaluation process.  *See* 20 C.F.R. § 416.924(a).  The first step requires a determination of whether the child is "doing substantial gainful activity."  *Id.*  If he or she is, then the child is not disabled and the evaluation stops.  *Id.*  If the child is not engaged in substantial gainful

activity, the second step requires the ALJ to determine whether he or she suffers from a severe impairment or combination of impairments.  *Id*.  An impairment is considered "severe" if it causes more than minimal functional limitations.  20 C.F.R. § 416.924(c).  If the impairments are not severe, the analysis stops.  20 C.F.R. § 416.924(a).  However, if the impairments are "severe," the third step requires the ALJ to determine if one of the impairments meets or equals an impairment listed in Appendix 1 to Subpart P of Part 404.  *Id*.  If the child has such an impairment and it meets the durational requirement, the ALJ will find that he or she is disabled.  *Id*.  If they do not meet each of the criteria enumerated in the listings, the ALJ must decide whether the impairment or combination of impairments "functionally equals" the severity of any listed impairment.  *See* 20 C.F.R. § 416.924(d).

When assessing a child's functional limitations, the ALJ considers all of the relevant factors, such as: how well the child can initiate and sustain activities, how much extra help he or she requires, the effects of structures or supportive settings, how the child functions in school, and the effects of medications or other treatments on the child's health.  20 C.F.R. §

416.926a.  To determine functional equivalence, the ALJ must evaluate the child's limitations in the following six functional areas, called domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) the ability to care for himself; and (6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1)(i-vi).  An impairment, or combination of impairments, functionally equals a listed impairment if it results in either "marked" limitations in two of the previously mentioned domains or an "extreme" limitation in one domain.  *See* 20 C.F.R. § 416.926a(a).

Applying this sequential evaluation, the ALJ found that Z.J.G. has never engaged in substantial gainful activity.  (Tr. at 24.)  Based on the evidence presented, the ALJ concluded that Z.J.G.'s chronic gastritis, gastroesophageal reflux disease ("GERD"), chronic sinusitis, and multiple allergies are impairments which are considered "severe" according to 20 C.F.R. § 416.924(c).  *Id*.  Nonetheless, the ALJ determined that these impairments were not attended with limitations which functionally or medically meet or equal the severity of any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 16.  In evaluating functional

equivalence, the ALJ the found that Z.J.G. had a "marked" limitation in the "health and physical well-being" domain.  However, the ALJ concluded that Z.J.G. did not have any other "marked" or "extreme" limitations in the other domains, which is necessary in order to satisfy the requirements for functional equivalence in 20 C.F.R. § 416.926a(b)(1)(i-vi).  *Id.*  In reaching this conclusion, the ALJ noted that both Z.J.G. and her mother were not totally credible with regards to their allegations of Z.J.G.'s functional limitations.  As a result, the ALJ ruled that Z.J.G. "has not been under a disability, at any time from the alleged onset date through the date of this decision."  *Id.*

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining: (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but

applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).   The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).   Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Plaintiff argues that the ALJ failed to adequately consider each of Z.J.G.'s diagnosed impairments in determining her "severe" impairments.[1] (Doc. 7 at 6.)  Specifically, Plaintiff submits the ALJ failed to consider that Z.J.G. was "diagnosed with [reactive airways disease], [upper respiratory infection], and asthma which . . . were not cited by the ALJ in his findings of severe impairments."  *Id.* at 7.

The Eleventh Circuit has held that the ALJ must consider the combined effects of all impairments in evaluating disability.  *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) (finding that "[i]t is the duty of the . . . [ALJ] to make specific and well-articulated findings as to the effect of the

_____

[1]Plaintiff also argued in her brief that the ALJ erred in reaching his decision because he "gave no consideration whatsoever to the Listings." (Doc. 7 at 7.)  The Court notes that the ALJ stated in his findings that Z.J.G.'s impairments "do not meet or medically equal the severity of the impairments listed in Part A or Part B of Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations (20 C.F.R. §§ 416.924(d)(1), 416.925, 416.926)."  (Tr. at 24.)

Plaintiff has cited no legal authority to support her argument that this consideration is inadequate, nor have they cited any instances when the Eleventh Circuit has reversed or remanded based on an ALJ's failure to specifically discuss individual listings.  This Court will not address this perfunctory and underdeveloped argument. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

combination of impairments and to decide whether the combined impairments cause the claimant to be disabled"). When a combination of impairments exists, a claimant may be found disabled even though none of the individual impairments by itself would be disabling. *See Caulder v. Bowen,* 791 F.2d 872, 880 (11th Cir. 1986). The Eleventh Circuit has also held that remand is required when "an ALJ fails to consider properly a claimant's condition despite evidence in the record of the diagnosis." *Vega v. Massanari*, 265 F.3d 1214, 1220 (11th Cir. 2001), citing, *Marbury v. Sullivan*, 957 F.2d 837, 839-40 (11th Cir. 1992).

In order for an impairment to be considered severe, it must significantly limit the claimant's ability to do basic work activities and meet the durational requirement. *See* 20 C.F.R. § 404.1520(c). An ALJ must consider a claimant's subjective testimony of pain if evidence of an underlying medical condition exists and if that objectively-determined condition is of a severity that can reasonably be expected to give rise to the alleged pain. *See Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986).

The ALJ's decision that Z.J.G.'s reactive airways disease, upper respiratory infection, and asthma were not "severe" impairments is

substantially supported by the record.  The record reveals that the ALJ considered not only the objective medical evidence related to Z.J.G.'s alleged respiratory impairments, but also Plaintiff's subjective allegations of impairment, in reaching his conclusions.

The ALJ specifically noted in his findings that on June 3, 2003, Dr. King recommended that Z.J.G. see a pulmonalogist, with the likelihood that she may have asthma related problems.  *Id.* at 15.  The ALJ also noted that medical records from November 19, 2003, show that Z.J.G. was evaluated for chronic cough which the treating physician,  Dr. Mahesa, determined was suggestive of asthma.  *Id.*  In response, Dr. Mahesa started Z.J.G. on Pulmicort and Respul daily, using a nebulizer.  *Id.*  Further, the ALJ considered that on May 6, 2004, another physician, Dr. Thomas, diagnosed Z.J.G. with an upper respiratory infection.  *Id.* at 16.  The ALJ also stated in his findings that he reviewed another record from Dr. Thomas, dated September 15, 2004, which indicated that the claimant suffered from asthma and multiple allergies.  *Id.* at 17.  Finally, the ALJ also considered medical records from February 28, 2005, which show that Z.J.G. returned to see Dr. Mahesh due to a respiratory tract infection which caused an acute

exacerbation of her asthma.  *Id*.

In rejecting this medical evidence, the ALJ cited contrary medical findings.  For example, records from a return visit with Dr. Mahesh from July 7, 2004, indicated that Z.J.G.'s lungs were clear, pulse oximetry on room air was 98%, and a spirogram was within normal limits.  *Id*.  The ALJ also specifically discussed portions of Z.J.G.'s follow up visit with Dr. Mahesh from December 10, 2004, where Dr. Mahesh noted that Z.J.G. "had been doing well" with her asthma medications.  *Id*.  By May 16, 2005, Dr. Mahesh opined that from a pulmonary standpoint, Z.J.G. was "stable."  *Id*.  The ALJ further considered the record of Dr. Castillo, dated June 14, 2005, where he reported that Z.J.G.'s sinus disease and reactive airways disease were almost completely resolved.  *Id*. at 18.  Again, the ALJ noted that on June 27, 2005, Dr. Mahesh reported that Z.J.G. was "doing extremely well" and he recommended no changes at the time.  *Id*.  The results of a sinus series performed on October 20, 2005 revealed that Z.J.G. had "no evidence of acute or chronic sinusitis."  *Id*.  The ALJ further noted that when Z.J.G. saw Dr. Ravipati for a follow up visit on November 23, 2005, he reported that her headaches had "completely subsided," that her "allergy symptoms had

"cleared-up," and that she had "no specific problems." *Id.* at 19. Finally, the ALJ noted that the February 1, 2006, records of Dr. McClellan indicated that while Z.J.G.'s asthma required that she receive two oral steroids in the preceding six month period, no hospitalization was required. *Id.*

The ALJ also expressed specific reasons for rejecting Plaintiff's subjective allegations of impairment. In reaching his conclusions, the ALJ highlighted Dr. Mahesh's comments related to a November 30, 2005, visit in which Dr. Mahesh commented that Z.J.G.'s history as reported by her mother was "sketchy" and that he was not exactly sure whether Z.J.G. had continued taking her Pulmicort nebulizer treatments. *Id.* The ALJ discussed that Dr. Mahesh believed that Z.J.G. was not doing well because of "compliance issues." *Id.* The ALJ also noted that he had checked with the pharmacy and found out that Z.J.G.'s medications had not been filled for some time. *Id.* Finally, the ALJ noted that Dr. Mahesh's records indicate that he believed that Z.J.G.'s improvement was likely related to "improved compliance." *Id.*

Based upon the medical evidence, the ALJ determined that "the claimant's and/or her mother's allegations regarding the nature and severity

of the claimant's functional limitations are not totally credible" and that Z.J.G.'s respiratory problems were not "severe" according to the regulations.   *Id.* at 21, 24.  These findings are substantially supported by the medical evidence in the record.

Furthermore, the record also reflects that the ALJ properly considered Z.J.G.'s "severe" impairments in combination in determining that they did not functionally equal the severity of a listed impairment.  Although Plaintiff vaguely asserts that the ALJ failed to consider Z.J.G.'s impairments in combination, the ALJ clearly stated that Z.J.G.'s chronic gastritis, gasteroesophageal reflux disease, chronic sinusitis, and multiple allergies did not meet or equal the requirements of the listings.  *Id.*  The Eleventh Circuit has made clear on several occasions that statements and findings by an ALJ can show that a Plaintiff's impairments do not meet the listings.  *See Wilson*, 284 F.3d at 1224 ("[T]he ALJ specifically stated that 'the medical evidence establishes that [claimant] had [several injuries] which constitute a severe impairment, but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.'"); *see also Jones v. Dept. of*

*Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991).

In the instant case, the record demonstrates that the ALJ applied the proper factors, found in 20 C.F.R. § 416.926a(b)(1)(i-vi), in determining that Z.J.G.'s impairments did not equal the requirements for a listed impairment.  (Tr. at 24.)  The ALJ stated that, "[b]ecause the child does not have an 'extreme' limitation in one area of functioning, or a 'marked' limitation in two areas, the child does not functionally equal, singly or in combination, any listed impairment."  *Id.* at 23.  Because the ALJ stated in his decision that he considered Plaintiff's impairments in combination before determining that she did not meet the listings, Plaintiff's argument fails.

The ALJ is charged with the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly.  *See Wheeler v. Heckler,* 784 F.2d 1073, 1075 (11th Cir. 1986); *Watson v. Heckler*, 738 F.2d 1169, 1172 (11th Cir. 1984).  In this cause, substantial evidence supports the ALJ's decision that Z.J.G. was not disabled.

IV.    Conclusion.

Upon close review of the administrative record, and considering all of Plaintiff's arguments, the Court finds the Commissioner's decision is

supported by substantial evidence and in accord with the applicable law.

A separate order will be entered.

Done this 7th day of January 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

151277